Judge Underwood
delivered the opinion of the Court
Hammer’s administrator in the general court, obtained two judgments against Rochester, with interest. Rochester filed his bill to enjoin them, and the court decreed a perpetual injunction. Rochester sets out, in his bill various payments, made to the intestate of the plaintiff, and calls on the administrator for an answer. He answers, exhibiting an account taken from the books of his intestate, which he says is correct, and in which it appears, that Rochester has credit for all the sums claimed in his bill, and for much more; but in that account, he is charged with large sums, for merchandize, and upon the whole account, there is a balance against Rochester.
The general court disregarded the items of amount . charged against Rochester, took the answer as an admission of the payments made by Rochester, and applied the whole to the discharge of the notes, from which it seemed that Rochester had paid more than was due, and therefore rendered a decree inhis favor, perpetuating the injunction.
The administrator does not profess to have any personal knowledge of the dealings between his im testate and Rochester, and he exhibits the account as he finds it, shewing that Rochester and M‘Bride had bought goods to the amount of $2118 26; and that $2081 22 had been paid at various times, but most of it. some time after the goods had been purchased. In the account for the credits, all the sums claimed by Rochester, as payments are credited. No depositions were taken, and the settlement of the controversy *145 depends upon the admissions made in the answer;and the record evidence furnished, by the judgments.
Creditor by ja“d dobtordo'nót direct the ap~ of may" apply them as be elects. chancellor will see that jh’¶ aí4ÍUSt" y pp 1 ”
We only regard the answer as admitting the cor-ré'ctness of the amount exhibited, and no more. That amount charges Rochester with goods, tinder date of 4th April, 1804, to the amount of $1434 91; and with goods under date of 9th January 1806, (being the day on which the notes sued on were executed! to the amount of $>452 37. The two notes sued on, maleé this last amount precisely, one payable in eight months, the other payable in nine months. In 1811, goods to the value of ‡230 98, were sold to M‘Bride.
The rule adopted by the general court was; toap-ply the payments to the discharge of the specialty demands, which bore interest. It does not appear that Rochester designated at the time of payment, the debt to which his credits should be applied. If he was then silent, Hammer had a right to apply the credits, or in case of litigation, the chancellor would see that they were applied, so as to effectuate justice, Thus, the chancellor should not apply the credits to the specialty debts, and leave unpaid asimple contract, which would thereafter be barred by the statute of limitations. The payment of debts likewise, in the order of time, they became due, is a circumstance which should not be without its influence. Under these considerations, the amount exhibited in the answer of the administrator, being all the evidence, we think the whole of it ought to be taken together, and that the court should have paid the f 1434 9i out of the credits in the first place.
An account was furnished Rochester by á letter, dated in December, 1817, from which it seems that the plaintiff’s intestate, in his life time claimed $¡163 54, on the 30th November 1817, ás a balance due him for principal, and $430 62, due for interest. In August thereafter, Rochester paid the ‡ 163 54, claimed for the principal, but it does not appear that any part of the interest demanded has ever been paid. . It may be remarked, that the manner in which the account of Hammer has been kept, distinguishing between principal and interest, is more favourable to Rochester, if interest should be allowed on the account of *146 t the whole goods sold, than our statute on that subject, would warrant.
Chancellor will not relieve, against judgment for interest, upon note executed in another state, and no proof of rate of interest, party had remedy at law.
In our calculation, we have not allowed interest on the whole amount of Hammers charges; we have extinguished what seemed to us, open accounts, and them allowed interest on the notes, upon which the judgments have been obtained, according to the provisions of our statute, deducting the payments from the amount of principal and interest when added, and regarding the balance as principal, bearing interest.
Upon a survey of the whole case, regarding the accounts exhibited by the complainant and defendant, In thegeneral court, and making a calculation thereon, according to the principles which seemed to us equitable, we are of opinion, that there was due, at the time the replevin bonds were taken, to wit: op the 10th September 1823, from Rochester to Hammer, $312 49 to which add costs and commissions, and it Will make an aggregate of $335 18, for which sum, the replevin bond should have been taken, and for no more. This would have been embraced by a suit on either of the notes; and therefore, the plaintiff ought not to have instituted a suit on both,
It is objected, that interest should not be allowed, because the notes were executed in Maryland, and there is no proof of what the interest is in that state. This question cannot now be made, because the judgments bear interest at the rate of six per cent, per annum; and if they had been erroneous in that respect, proper steps should have been taken to correct them. We think it intrinsically just that Rochester should pay interest. As there was no more due at the time of taking the replevin bonds, than $312 49, to which should be added the costs of one suit, it follows, that the injunction, as to one of the judgments and re-plevin bondsshould be rendered perpetual,and that the whole of the other should be perpetually enjoined, except for the sum of $335 18, to which extent, with interest from the date of the replevin bonds, the plaintiff in error, has a right to recover. But as it appears, that $26 10 had been collected on each, replevin bond, exclusive of the officer’s commissions, on the 14th Jan- *147 «ary 1826, making together $52 20; this sum must go in payment of the $335 18 and interest, as a credit under date of the 14th January, 1826; and for the residue, the injunction must be dissolved, with damages.. But we are not disposed to give costs in the suit in chancery, in favor of the plaintiff in error. See Daniel vs. Bartis, II. Marshall, 123.
Brown and Combs, for plaintiff; 'Monroe, for defendant.
The decree of the general court is reversed and set aside, and the cause remanded for a decree to be rendered, not inconsistent with this opinion. Each party in this court must pay his own costs.